**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ED HULL, an individual, | No. 21-56252 |
| Plaintiff-Appellant, | D.C. No.<br>2:21-cv-05297-PA-PD |
| v. | |
| WILLIAM LITTLE, an individual, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 14, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,*** District
Judge.

This appeal involves a challenge to the terms of a permanent injunction

issued under Rule 65 of the Federal Rules of Civil Procedure. We review de novo a

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

challenge to an injunction on specificity grounds under Rule 65(d).[1] *Premier Commc'ns Network, Inc. v. Fuentes*, 880 F.2d 1096, 1100 (9th Cir. 1989). For the reasons explained below, we conclude that the challenged injunction sufficiently complies with the specificity requirement of Rule 65(d).

Ed Hull (Hull) filed this action against William Little (Little), the owner of real property containing Kenny's Q Bar-B-Q restaurant. Hull alleged that the property violated the Americans with Disabilities Act (ADA), as well as state law, by failing to provide an adequate disabled parking space, proper disabled parking space signage, and accessible routes of travel. Hull, a permanently disabled individual, alleged that Little's ADA violation prevented Hull from visiting and enjoying Kenny's Q Bar-B-Q on two occasions.

In his complaint, Hull did not request a specific timeframe for the completion of the remedial work. Little did not file a responsive pleading or otherwise appear in the lawsuit, and the district court entered an order of default. In Hull's proposed default judgment, he requested an order directing Little to complete the required work within 180 days. The district court granted Hull's motion for default judgment and ordered Little "to provide accessible exterior paths of travel, accessible ramps, accessible parking, and an access aisle with

---

[1] Rule 65(d) requires every order granting an injunction to "state its terms specifically." Fed. R. Civ. P. 65(d)(1)(B).

compliant signage" at the property. The district court, however, did not set a deadline for the completion of that work.

On appeal, Hull argues that the judgment fails to meet the specificity requirement under Rule 65(d) because it does not include a deadline for compliance. Because Hull failed to request a deadline in his complaint and because our precedent does not dictate the level of specificity sought by Hull, we affirm.

We note that we have not previously explicitly addressed whether Rule 65(d) requires a mandatory injunction to include a deadline, or timeframe, for compliance. In *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1086-87 (9th Cir. 2004), we reviewed a challenge to the specificity of a permanent injunction ordering compliance with the ADA. The injunction in *Fortyune* required the defendant, a movie theater operator, to modify its policies regarding seating options for wheelchair-bound patrons in its theaters but included no deadline to do so. *Id*. at 1079. On appeal, the defendant, challenging the enforceability of the injunction, argued that the injunction violated Rule 65(d) because it failed to specify how the defendant should modify its policies to provide adequate seating options. *Id*. at 1087. We explained that we "will not set aside injunctions under Rule 65(d) unless they are so vague that they have no reasonably specific meaning." *Id*. (internal quotation marks omitted) (quoting *United States v. V-1 Oil Co*., 63 F.3d 909, 913 (9th Cir. 1995)). We held that Rule 65(d) does not require

3

the district court to "elucidate *how* to enforce the injunction." *Id*. (emphasis in original). Thus, we concluded that the injunction did not violate Rule 65(d) because it was "quite clear," "even though it decline[d] to provide AMC with explicit instructions on the appropriate means to accomplish [its] directive." *Id*.

Similarly, in *Molski v. Foley Ests. Vineyard & Winery, LLC*, 531 F.3d 1043, 1050 (9th Cir. 2008), we held that the district court did not abuse its discretion by ordering the defendant to bring its property into compliance with the ADA. The injunction in *Molski*, like the injunction here, did not include any specific deadline for compliance. *See Molski v. Foley Ests. Vineyard & Winery, LLC,* No. CV 03-9393 CBM (RCX), 2006 WL 8447962, at *10 (C.D. Cal. Aug. 23, 2006), *aff'd in part, rev'd in part, and remanded*, 531 F.3d 1043 (9th Cir. 2008).

**AFFIRMED.**